# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| JONATHAN MAURICE USSERY, ) | |
| ) | |
| Plaintiff, ) | No. 1:22-cv-01924-DCN |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| R.S. DUNBAR, *Warden*, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Magistrate Judge Shiva V. Hodges's report and recommendation ("R&R"), ECF No. 23, that the court grant defendant R.S. Dunbar's ("Warden Dunbar") motion for summary judgment, ECF No. 16. For the reasons set forth below, the court adopts the R&R in full.

## I. BACKGROUND

Petitioner Jonathan Ussery ("Ussery") is an inmate designated by the Federal Bureau of Prisons ("BOP") to serve his sentence at the Federal Correctional Institution Williamsburg ("FCI Williamsburg") in Salters, South Carolina.[1] He filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the BOP has improperly denied his request to designate the institution where he served his state sentence nunc pro tunc for service of his federal sentence and to credit him for time served in state custody.

---

[1] The background for this case is gleaned from a combination of the initial petition for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1; from Warden Dunbar's motion for summary judgment, ECF No. 16; and from the magistrate judge's R&R, ECF No. 23. As such, the facts described in the background originate from those three sources.

1

On May 15, 2010, state authorities in Gaston County, North Carolina arrested Ussery for, <u>inter alia</u>, robbery with a dangerous weapon and larceny of a motor vehicle. He was subsequently released on bond. On September 25, 2010, state authorities in Rutherford County, North Carolina, arrested Ussery for, <u>inter alia</u>, assault with a deadly weapon.

On April 29, 2011, while in state custody, Ussery was temporarily transferred to federal custody for prosecution pursuant to a federal writ of habeas corpus <u>ad prosequendum</u>. On October 23, 2012, the federal court sentenced Ussery to 79 months of imprisonment for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). <u>United States v. Ussery</u>, Case No. 1:11-cr-00032-MKR (W.D.N.C.). United States District Judge Martin Karl Reidinger ("Judge Reidinger") did not specify whether Ussery's sentence was to run consecutive with or concurrent to the anticipated sentences on the state charges. On October 30, 2012, Ussery was returned to state custody, with the federal judgment lodged as a detainer.

On December 12, 2012, Ussery was sentenced in Gaston County, North Carolina, to 67 to 90 months for the 2010 robbery with a dangerous weapon charge, and 8 to 10 months for the larceny of a motor vehicle charge.[2] The state court judge recommended the total state sentence run concurrent to the federal sentence. On February 6, 2013, Ussery was sentenced in Rutherford County, North Carolina, to 40 to 57 months for assault with a deadly weapon. Ussery was credited for 864 days spent in confinement prior to the judgment because of the charges.[3] The Rutherford County court noted that

---

[2] It appears the other charges were dismissed.
[3] The court assumes that this number was calculated from the number of days between September 25, 2010—the date Ussery was arrested for a crime committed in

2

the sentence was to begin at the expiration of the sentence imposed by the Gaston County court and "any sentence which he is currently serving." ECF No. 1-2 at 45, 49–50.

On October 31, 2013, the BOP sent a letter soliciting Judge Reidinger's clarification as to the terms of Ussery's federal sentence. See ECF No. 16-1 at 2, 57–58. The letter stated: "Mr. Ussery requests that the [BOP] designate the state institution in North Carolina for concurrent service of his federal sentence, thereby reducing the total amount of time spent in custody." Id. at 57. It further explained:

> Should the Court indicate the sentence is to run concurrent to the state term, the Bureau will commence the sentence in the above judgment on the date of imposition, which will result in Mr. Ussery's satisfaction of his federal sentence on or about July 17, 2018. Should the Court indicate the term is to run consecutive to the state term, Mr. Ussery's sentence will not be calculated until he completes his state sentence and is released to the federal detainer.

Id. at 58. On December 2, 2013, Judge Reidinger responded that it was his intent that Ussery's federal sentence run consecutive to any state sentence subsequently imposed. Id. at 60–61. He specified,

> Mr. Ussery's Presentence Investigation Report indicates that at the time of his federal sentencing, he had three separate state criminal actions pending, only one of which related to the conduct underlying his federal charge. Accordingly, it was my intention for his federal sentence to run consecutively to any state sentence that was subsequently imposed. It was simply by oversight that this was not included in the judgment.

Id. at 60. Ussery was paroled by the state of North Carolina on March 31, 2020, and was thereafter transferred to federal custody, where he remains.

Based upon this history, Warden Dunbar calculates Ussery's federal sentencing as having commenced on March 31, 2020—the day he was transferred into federal custody

---

Rutherford County—and February 6, 2013—the date Ussery was sentenced in Rutherford County. Thus, the credit includes the time Ussery was in state custody but transferred to federal custody for his federal sentencing from April 29, 2011, until October 23, 2012.

for service of the federal sentence. The BOP did not apply any credit for Ussery's period in custody from September 25, 2010, to March 30, 2020, because that credit was applied to his state sentences. Thus, the BOP calculates Ussery's current projected release date via Good Conduct Time as November 9, 2025.

On June 17, 2022, Ussery filed a petition for writ of habeas corpus. ECF No. 1. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Civil Rules 73.02(B)(2)(c) (D.S.C.), all pretrial proceedings in this case were referred to Magistrate Judge Hodges. On September 26, 2022, Warden Dunbar filed the instant motion for summary judgment. ECF No. 16. On October 18, 2022, the magistrate judge issued a text order directing Warden Dunbar to file with the court the BOP's assessment of the 18 U.S.C. § 3621(b) factors it completed in assessing Ussery's nunc pro tunc request, ECF No. 19, which Warden Dunbar complied with and filed on October 25, 2022, ECF No. 21. On October 27, 2022, Ussery responded in opposition, ECF No. 22, to which Warden Dunbar did not file a reply. On November 7, 2022, Magistrate Judge Hodges issued the R&R recommending the court grant Warden Dunbar's motion for summary judgment, deny the petition for writ of habeas corpus, and dismiss the petition with prejudice and without an evidentiary hearing. ECF No. 23. On December 27, 2022, Ussery filed objections to the R&R. ECF No. 29. Warden Dunbar filed no objections. As such, the motion is fully briefed and is ripe for review.

## II.  STANDARD

### A.  Order on R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id.

However, in the absence of a timely filed, specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). Furthermore, "[a] party's general objections are not sufficient to challenge a magistrate judge's findings." Greene v. Quest Diagnostics Clinical Lab'ys, Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted). When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted). Analogously, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in a magistrate judge's proposed findings. Id.

### B. Summary Judgment

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

### C. Pro Se Litigants

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear

failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390–91 (4th Cir. 1990).

### III.   DISCUSSION

Ussery challenges the BOP's refusal to designate nunc pro tunc the state prison at which he served his state sentence "for [his] federal sentence which would effectively credit time served in state custody towards [his] federal sentence." ECF No. 1 at 3. In other words, Ussery claims that the BOP should have considered the state court's preference that the sentences run concurrently over Judge Reidinger's preference that the federal sentence run consecutive to the state sentence. Id. He argues that he was ordered to serve three sentences: (1) "a 79-month federal sentence;" (2) a 67-to-90-month and 8-to-10-month state sentence "to be r[u]n concurrently to the 79-month federal sentence"; and (3) a 40-to-57 month state consecutive sentence "to be served AFTER COMPLETION of the [first two sentences]."[4] ECF No. 22 at 3–4 (emphasis in original). Ussery alleges that he will serve "between 16.2 and 19.8 years when his combined term of imprisonment" ends, and based on the record, the term "should not [have] exceed[ed] more than 7.5 years." ECF No. 1 at 7, 9. Thus, he claims his "sentences have already expired and he should no longer be restrained of his liberty." Id. at 9. He therefore

---

[4] Ussery slightly misstates his sentences. As the court provided above, the federal court sentenced Ussery to 79 months for possession of a firearm by a convicted felon on October 23, 2012, without specifying in the order whether the sentence was to run consecutive to or concurrent with the anticipated state sentences; on December 12, 2012, the Gaston County state court sentenced Ussery to 67-to-90 months imprisonment for the related 2010 robbery and 8-to-10 months for the larceny of a motor vehicle which that court recommended run concurrent to the federal sentence; and on February 6, 2013, the Rutherford County state court sentenced Ussery to 40-to-57 months for an assault with a deadly weapon that was unrelated to the 2010 robbery which was slated to run consecutive to the Gaston County sentence and any sentence Ussery was currently serving.

requests the court issue an order instructing the BOP to immediately release him from federal custody. Id.

The R&R first noted that the BOP exercises "broad discretion" in evaluating nunc pro tunc requests. R&R at 19 (citing Mangum v. Hallembaek, 910 F.3d 770, 773 (4th Cir. 2018) ("Mangum II")). Moreover, because the BOP considered all applicable factors under 18 U.S.C. § 3621(b)—which included Judge Reidinger's statement under the fourth factor—the magistrate judge recommended finding that BOP did not abuse that discretion in reaching its conclusion. Id. Second, the R&R recommended that the court find that the BOP appropriately determined that Ussery was entitled to no credit for time served on his federal sentence since all of the time Ussery served prior to his entry into federal custody on March 31, 2020 was credited toward his state sentences. Id. at 22. Thus, the magistrate judge recommended the court grant Warden Dunbar's motion for summary judgment, deny the petition for writ of habeas corpus, and dismiss the petition with prejudice and without an evidentiary hearing. Id.

Ussery filed three objections to the magistrate judge's recommendations. ECF No. 29. First, Ussery argues that the magistrate judge erred in her conclusion that the BOP did not abuse its statutory discretion by rejecting his nunc pro tunc designation. Id. at 2. He predicates this argument on the assumption that the BOP rejected that designation "solely on the basis of Judge Reidinger's objection;" meaning the other relevant factors were not considered and the BOP "therefore abdicated its statutory responsibility to bring its independent judgment to bear on the matter." Id. Second, Ussery disagrees with the magistrate judge's conclusion that the BOP did not err by failing to consider the state court's preference in evaluating Ussery's nunc pro tunc

8

request. Id. at 5. Third, Ussery claims that the magistrate judge erred by concluding that since Ussery's pre-sentence time had been credited against his state sentence, it could not also be credited against his federal sentence. Id. at 7–8. He argues that precedent from the Fifth and Seventh Circuit supports his position—namely, that a petitioner serving a concurrent state and federal sentence was entitled to credit against his federal sentence for all of his pre-sentence incarceration even though his pre-sentence time had already been credited against his state sentence. Id. (citing Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971); Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993)). This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). Thus, the court considers Ussery's objections in turn, consolidating the objections where applicable.

### A. BOP's Nunc Pro Tunc Designation

The Attorney General, through the BOP, has responsibility for imprisoning federal offenders. United States v. Wilson, 503 U.S. 329, 331 (1992) (citing 18 U.S.C. § 3621(a)). This responsibility includes the calculation of prior custody credit pursuant to 18 U.S.C. § 3585(b). Id. at 335. The BOP must give a defendant "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences," as long as that time "has not been credited against another sentence." Barnes v. Masters, 733 F. App'x 93, 97–98 (4th Cir. 2018) (citing 18 U.S.C. § 3585(b)).

If the Attorney General, through the BOP, does not give Ussery the sentencing credit he believes he deserves, he can seek an administrative remedy. See 28 C.F.R. § 542.10 (2014). Neither party contends that Ussery has not exhausted his administrative

9

remedies and the court likewise finds them exhausted. R&R at 7 (referencing ECF No. 16 at 2). Upon exhausting his administrative remedies, if Ussery remains unsatisfied with the result, he can file a petition under 28 U.S.C. § 2241. See Wilson, 503 U.S. at 336. Thus, Ussery's Section 2241 petition is properly before the court.

"The earliest date on which a federal sentence may commence is the date on which the sentence is imposed." Barnes, 733 F. App'x at 96; see also United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served."). Though the parties originally contested when the sentence commenced, neither party objected to the magistrate judge's conclusion that the federal sentence commenced on March 31, 2020, when Ussery was transferred into federal custody for service of the federal sentence. See R&R at 22. As such, Ussery's federal sentence commenced on March 31, 2020.

Nunc pro tunc designation is addressed in 18 U.S.C. § 3621(b), which grants BOP discretion to select the place of a federal prisoner's confinement. It states that the agency may "designate any available penal or correctional facility that meets minimum standards of health and habitability . . . , [regardless of] whether [the facility] is maintained by the Federal Government or otherwise . . . , that [BOP] determines to be appropriate and suitable." Trowell v. Beeler, 135 F. App'x 590, 594 (4th Cir. 2005) (quoting 18 U.S.C. § 3621(b)). The statute directs the BOP to consider five factors in making this determination:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;

>    (4) any statement by the court that imposed the sentence--
>
>    >    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>    >
>    >    (B) recommending a type of penal or correctional facility as appropriate; and
>
>    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Courts review challenges to the BOP's nunc pro tunc determination under an abuse of discretion standard. Trowell, 135 F. App'x at 593. "So long as BOP undertakes an individualized review of an inmate's case and makes a decision to deny a request for designation nunc pro tunc after analyzing the five relevant factors prescribed by § 3621, habeas corpus relief from its determination is unavailable." Wheelock v. Wilson, 2014 WL 354505, at *5 (E.D. Va. Jan. 30, 2014).

Ussery lodges two objections to the magistrate judge's conclusions about the BOP's designation. First, Ussery alleges that the BOP abused its statutory discretion by rejecting his nunc pro tunc designation request "solely on the basis of Judge Reidinger's objection," meaning the "BOP accorded controlling weight to the fourth factor, and it erred in doing so." ECF No. 29 at 3–4. Second, Ussery claims that the BOP was required to consider the state court's preference in evaluating his nunc pro tunc request. Id. at 6. He further claims that Judge Reidinger "failed to exercise his power at the time of sentencing to declared [sic] [Ussery's] sentence consecutive to the not-yet-imposed state sentence," meaning "Judge Reidinger waived his authority to declare [Ussery's] sentence consecutive." Id. at 7. The court considers Ussery's objections in turn.

First, the court concludes that the BOP did not base its decision solely on Judge Reidinger's response. Warden Dunbar filed the evaluation of Ussery's § 3621(b) factors with the court. ECF No. 21. The Fourth Circuit has made clear that "18 U.S.C.

§ 3621(b) requires BOP to conduct an independent evaluation of each applicable statutory factor." Trowell, 135 F. App'x at 592. The BOP considered all five factors in making its decision and did not expressly base its decision on any one factor.[5] ECF No. 21-1. The BOP's decision to grant or deny a prisoner's nunc pro tunc designation request is reviewed for abuse of discretion. Roberts v. Bragg, 2020 WL 8839683, at *5 (D.S.C. Oct. 28, 2020) (citing Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990)). The filed form provides additional context as to the factors the BOP considered in reaching its conclusion. ECF No. 21-1. Those factors included Judge Reidinger's opinion that a

---

[5] The court provides a summary of the five factors considered by the BOP and notes that the final determination did not arise out of any one factor in isolation:

> **Factor (1)–the resources of the facility contemplated:** Ussery was "in the primary state custody in North Carolina (Security Level – Unknown)."
>
> **Factor (2)–the nature and circumstances of the offense:** the BOP identified the federal offense violation of 18 U.S.C. § 922 and the state offenses and noted that the "Federal and State charges are related only on the offense for Assault with Firearm/Deadly Weapon on Company."
>
> **Factor (3)–the history and characteristics of the prisoner (to include institutional adjustment and prior criminal history):** the BOP identified additional convictions that were included in the pre-sentence investigation report outside of the convictions for the instant incarceration and further noted that "State Disciplinary Records reflect an infraction for Fight with Weapon."
>
> **Factor (4)–any statement by the court that imposed the sentence (to include no response from the judge):** The sentencing court was contacted to obtain an opinion on October 31, 2012. A response was received on December 5, 2013. "In responding the court stated in part, 'Accordingly, it was my intention for his federal sentence to run consecutively to any state sentence that was subsequently imposed.'"
>
> **Factor (5)–any pertinent policy statement issued by the Sentencing Commision pursuant to section 994(a)(2) of title 28:** N/A

ECF No. 21-1.

consecutive sentence was warranted, evidence that the nature and circumstances of the offense were serious, and that Ussery was a repeat offender whose conduct included a disciplinary record reflecting an infraction for fighting with a weapon while imprisoned for his state sentence. Id. As such, more than one factor weighed in favor of a consecutive, rather than concurrent, federal sentence. Id.; see also Al-Bizri v. Barnes, 2021 WL 2340042, at *4 (D.S.C. Apr. 29, 2021) (finding that the petitioner's challenge to the denial of his request for nunc pro tunc designation lacked merit because the BOP reviewed the petitioner's request under the five factors stated in § 3621(b) and thereafter reached its conclusion).

Even if the BOP had given Judge Reidinger's opinion greater weight than the other factors, the R&R noted that in light of the Supreme Court's decision in Setser v. United States, 566 U.S. 231 (2012)[6]—which was issued almost seven months before Judge Reidinger sentenced Ussery—Judge Reidinger had the power at the time of sentencing to declare Ussery's sentence consecutive to the not-yet-imposed state sentence. R&R at 14. Judge Reidinger did not include the provision in the order and judgment which meant that his preference was not binding on the BOP. Id. Nevertheless, the R&R concluded—and this court agrees—that the BOP did not abuse its

---

[6] As the Fourth Circuit explained in Mangum II, the timing of the sentencing vis-à-vis the Supreme Court opinion is significant because Setser abrogated prior Fourth Circuit precedent and held that a federal district court has authority to run a federal sentence concurrent with or consecutive to an anticipated state sentence. Mangum II, 910 F.3d at 778 n.6; Setser, 566 U.S. at 244. The Fourth Circuit's prior precedent set forth that a federal district judge was powerless to impose a federal sentence to be served consecutively to a state sentence that had not yet been imposed. Mangum v. Hallembaek, 824 F.3d 98, 102–03 (4th Cir. 2015) ("Mangum I") (referencing United States v. Smith, 472 F.3d 222, 225 (4th Cir. 2006), abrogated in part by Setser, 566 U.S. 236). Thus, Setser established a new precedent that, in turn, made the opinion of the federal district court judge "highly relevant." Mangum II, 910 F.3d at 778 n.6.

discretion by soliciting Judge Reidinger's subsequent input. Id. Moreover, the R&R indicated that "the state court's preference would not be entitled to greater weight than the federal court's preference . . . because [Ussery's] federal sentence was imposed post-Setser, making Judge Reidinger's opinion 'highly relevant.'" Id. at 15 (quoting Kirby v. Andrews, 2020 365561, at *4 (E.D.N.C. Jan. 22, 2020)). In fact, the magistrate judge correctly noted that the BOP's solicitation of Judge Reidinger's opinion and subsequent decision to deny the nunc pro tunc request, in accordance with Judge Reidinger's opinion, was consistent with the BOP's policies and procedures. Id. The Federal BOP Program Statement 5160.05 § 8 provides: "A designation for concurrent service of sentence will be made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." Thus, the court concludes that though Judge Reidinger's opinion certainly played a role in the BOP's consideration of the § 3621(b) factors, it was not considered in isolation, nor was it improperly considered in light of circuit precedent and certainly its consideration does not rise to the threshold required to find abuse of discretion by the BOP. See Mangum II, 910 F.3d at 778 n.6.

Second, Ussery argues that the magistrate judge reached the incorrect conclusion in her evaluation of whether the BOP was required to consider the state court's preference. ECF No. 29 at 6. The R&R noted that there appeared to be "no case in which a court has found the BOP erred in failing to consider a state court's preference in evaluating a nunc pro tunc request where sentencing occurred post-Setser and the federal sentencing court subsequently expressed its view on the matter." R&R at 17. In fact, the magistrate judge observed that the only case she identified which provided a framework for that issue interpreted Mangum I and II as holding that the BOP was required to

14

consider the state court's preference in the absence of a relevant opinion from the federal sentencing court. Id. at 16 (citing Kirby, 2020 WL 365561, at *4). Here, there was no absence of a relevant opinion from the federal sentencing court since Judge Reidinger responded to the BOP's letter. See id. Consequently, the BOP's purported failure to consider the state court's preference was not an abuse of discretion. See id. Ussery took the magistrate judge's observation to mean that since no case exists directly governing this question, "this issue should be certified to the Fourth Circuit Court of Appeals for [sic] resolve because it will have an impact on the outcome of this case." ECF No. 29 at 6–7. Such a request is without merit because the standard for certifying a question for the Fourth Circuit is not met.[7] Moreover, the statutory factors do not require the BOP defer to the state court's recommendation and the court declines to read such a requirement into the unambiguous language of § 3621(b).[8] See 18 U.S.C. § 3621(b).

In sum, the court finds that the BOP did not abuse its discretion in reaching its conclusion that Ussery should serve his federal sentence consecutive to his state sentence

---

[7] 28 U.S.C. 1292(b) provides a mechanism by which litigants can appeal a non-final order upon consent of both the district court and the court of appeals. Certification by a district court under § 1292(b) is appropriate only if the order (1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) an immediate appeal may materially advance the ultimate termination of the litigation. In re TD Bank, N.A. Debit Card Overdraft Fee Litig., 2016 WL 7320864, at *3 (D.S.C. July 18, 2016) (citing Kennedy v. St. Joseph's Ministries, Inc., 657 F.3d 189, 195 (4th Cir. 2011)). "An interlocutory appeal is an extraordinary remedy that should be granted only in exceptional circumstances where early appellate review would avoid a protracted and expensive litigation process." Id. Thus, the mere absence of authority on an issue does not meet this standard.

[8] Factor (4) specifically requires the BOP consider "any statement by the court that imposed the sentence." 18 U.S.C. § 3621(b)(4) (emphasis added). The federal sentence is the one at issue which means that the court in question is the Western District of North Carolina. See id. As such, the BOP properly considered statements from Judge Reidinger and was not required to consider statements from the state court in its determination.

because the BOP based its conclusion on the required factors outlined in § 3621(b). Accordingly, habeas corpus relief from the BOP's decision to deny Ussery's nunc pro tunc designation is unavailable.

### B. Time Credited

Ussery's final argument asks the court to find that even though his pre-sentence time served was credited against his state sentence, it should have also been credited against his federal sentence. ECF No. 29 at 7–8. Credit for prior custody is governed by § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added). "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337; see also Bacon v. Fed. Bureau of Prisons, 2001 WL 34684734, at *5 (D.S.C. Mar. 22, 2001), aff'd, 21 F. App'x 170 (4th Cir. 2001) (noting that a prisoner cannot receive prior custody credit already given to his state sentence). Ussery's citations to decades-old decisions from the Fifth and Seventh Circuits do not meaningfully change this calculus.[9] See, e.g., Willis v.

---

[9] Even if Ussery had restricted his argument to mean that he was entitled to prior custody credit pursuant to a federal writ of habeas corpus ad prosequendum, that argument is without merit since that time was credited against his state sentence. See Williamson v. Pettiford, 2008 WL 2076664, at *4 (D.S.C. May 9, 2008); United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains

United States, 438 F.2d 923, 925 (5th Cir. 1971), superseded by statute as stated in Elwell v. Fisher, 716 F.3d 477, 485 (8th Cir. 2013) (noting that Willis and the analogous Eighth Circuit opinion United States v. Haney reached their conclusions based upon "the prior and now-repealed Code section—§ 3568—that permitted 'double crediting' of pre-trial detention time for state and federal purposes"); Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), declined to extend by Grigsby v. Bledsoe, 223 F. App'x 486, 489 (7th Cir. 2007) (noting that by its plain language § 3585(b) prohibits federal credit for time served after concurrent state sentence was imposed). Thus, the BOP properly determined that Ussery was not entitled to prior custody credit since that time was already credited against his state sentence.

Accordingly, the court finds Ussery's argument that the BOP should have counted his prior custody credit against both his state sentence and his federal sentence to be without merit.

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the report and recommendation and **GRANTS** the motion for summary judgment, **DENIES** the petition for writ of habeas corpus, and **DISMISSES** the petition with prejudice and without an evidentiary hearing.

---

primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.").

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 23, 2023**

**Charleston, South Carolina**